UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL MYERS,

                                        Plaintiff,

                -vs-                                            11-CV-292(JTC)

HON. SARA SPERAZZA,

                                        Defendant.

_____

APPEARANCES:                    MICHAEL MYERS, Plaintiff *Pro Se.*

                                MICHAEL MYERS, Plaintiff *Pro Se.*

                                HON. ERIC T. SCHNEIDERMAN, ATTORNEY
                                GENERAL OF THE STATE OF NEW YORK, (KIM S.
                                MURPHY, ASSISTANT ATTORNEY GENERAL, OF
                                COUNSEL), Buffalo, New York, Attorneys for
                                Defendant.


**INTRODUCTION**

        Plaintiff brought this action pursuant to Title II of the Americans with Disabilities

Act of 1990, 42 U.S.C. § 12131, *et seq.* ("ADA") and section 504 of the Rehabilitation

Act of 1973, 29 U.S.C. § 794 ("Section 504").  He seeks compensatory and punitive

damages for the alleged denial of accommodations for a hearing impairment during his

Sex Offender Registration Act ("SORA") hearing.  He also seeks a new SORA hearing.

Currently pending before the court is the defendant's motion to dismiss (Item 5).


**BACKGROUND and FACTS**

        Plaintiff commenced this action on April 4, 2011 with the filing of a *pro se*

complaint (Item 1).  Specifically, plaintiff alleges that in 1996 he was sentenced on state

criminal charges of sexual abuse to a term of 7 1/3 to 21 years in prison (Item 1, ¶ 1).

In 2010, he was granted parole and was scheduled to appear at a SORA hearing in

Niagara County Court. *Id.,* ¶¶ 5-6. Plaintiff alleges that, while in prison, he learned that

he was hearing impaired. *Id.,* ¶ 2. Prior to his SORA hearing, plaintiff informed his

public defender that he would require certain accommodations such as "text display."

*Id.,* ¶ 7. The defendant, Judge Sara Farkas, f/k/a Sara Sperazza, postponed the

hearing and directed the Department of Correctional Services to provide a "TTY"

telephone. *Id.,* ¶ 10. On June 30, 2010, plaintiff appeared for the hearing but was not

provided a TTY telephone. *Id.,* ¶ 18. Judge Farkas conducted the hearing with the

sound amplified and directed plaintiff to stop her if he did not understand anything. *Id.,*

¶ 19. Plaintiff alleges that he "had a lot of trouble understanding" what was said at the

hearing and had to intervene several times. *Id.,* ¶¶ 22-23. Plaintiff further alleges that

Judge Farkas "used a lot of false information" and determined that he was a Level 3

offender. *Id.,* ¶¶ 24-25.

On March 28, 2012, plaintiff was granted permission to proceed *in forma*

*pauperis* (Item 3). In lieu of an answer, on June 12, 2012, defendant filed a motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds of lack of

subject matter jurisdiction, sovereign immunity, absolute judicial immunity, and failure to

state a claim (Item 5). On July 20, 2012, the parties consented to the referral of this

matter to United States Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28

U.S.C. § 636 (c) for all further proceedings including the entry of judgment (Item 7).

Plaintiff was directed to file a response to the motion to dismiss on or before

August 31, 2012. To date, he has not filed a response to the motion. On November 16,

2012, the case was transferred to the docket of the undersigned (Item 10).  The court

has determined that oral argument is unnecessary.  For the reasons that follow, the

defendant's motion to dismiss is granted.

## DISCUSSION

### 1.  Standard of Review

The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of

subject matter jurisdiction and under 12(b)(6) for failure to state a claim are

"substantively identical."  *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d. Cir. 2003).

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a district court to dismiss a

case for lack of subject matter jurisdiction if the court "lacks the statutory or

constitutional power to adjudicate [the case]."  *Aurecchione v. Schoolman Transp. Sys.,*

*Inc.,* 426 F.3d 635, 638 (2d Cir. 2005) (internal quotation marks omitted).  It is well

established that, when opposing a Rule 12(b)(1) motion to dismiss, the plaintiff

asserting subject matter jurisdiction has the burden of proving that jurisdiction exists by

a preponderance of the evidence.  *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002).  In

contrast,  "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation

marks omitted). In deciding both types of motions, the court must accept all factual

allegations in the complaint as true and draw all reasonable inferences from those

allegations in the light most favorable to the plaintiff.  *Holmes v. Grubman,* 568 F.3d

329, 335 (2d Cir. 2009).  While *pro se* complaints must contain sufficient factual

allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 71–72 (2d

Cir. 2009), the court should look for such allegations by reading *pro se* complaints with

"special solicitude" and by interpreting them to raise the "strongest [claims] that they

suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006)

(per curiam) (emphasis omitted).  Finally, the Second Circuit has held that "district

courts generally should not dismiss a *pro se* complaint without granting the plaintiff at

least one opportunity to amend." *DeBoe v. DuBois,* 2012 WL 5908447, *1 (2d Cir.

November 27, 2012) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *see*

*also Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (holding that district courts

should not dismiss pro se complaints "without granting leave to amend at least once

when a liberal reading of the complaint gives any indication that a valid claim might be

stated").  Leave to amend is not necessary, however, when it would be futile.  *See*

*Cuoco,* 222 F.3d at 112 (finding leave to replead would be futile when the complaint,

even when read liberally, did not "suggest[ ] that the plaintiff has a claim that she has

inadequately or inartfully pleaded and that she should therefore be given a chance to

reframe").

## 2.  Jurisdiction

Defendant argues that plaintiff's case must be dismissed for lack of subject

matter jurisdiction.  Pursuant to the *Rooker-Feldman* doctrine, "federal district courts

lack jurisdiction over suits that are, in substance, appeals from state-court judgments."

*Phillips ex rel. Green v. City of New York,* 453 F.Supp.2d 690, 712 (S.D.N.Y.2006)

(internal quotation marks omitted); *see generally Rooker v. Fidelity Trust Co.*, 263 U.S.

413, 414–15 (1923); *D.C. Ct. of App. v. Feldman,* 460 U.S. 462 (1983).  The

*Rooker–Feldman* doctrine applies if: (1) the federal court plaintiff lost in state court; (2) the plaintiff's alleged injuries are caused by the state court judgment; (3) the plaintiff's claims invite the district court to review and reject that state court judgment; and (4) the state court judgment was rendered prior to the commencement of the district court proceedings. *Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77, 85 (2d Cir. 2005).

In this case, the plaintiff seeks a reversal of Judge Farkas' decision after his SORA hearing, in addition to money damages for the alleged denial of accommodations at the hearing.  He was the loser in the state court proceeding that was commenced prior to the filing of this action.  Plaintiff's "injury," the determination that he is a Level 3 offender, was the result of the state court proceeding, and he seeks vacatur of that determination by this court.  To the extent that plaintiff seeks review of a state court determination, the *Rooker-Feldman* doctrine bars this claim in federal court.  *See Montesano v. New York,* 2006 WL 944285, at *3 (S.D.N.Y. April 12, 2006) (observing that a "plaintiff cannot circumvent the appropriate state appellate process by bringing a declaratory action, couched in terms of a civil rights violation, seeking federal review and vacatur of adverse state-court decisions").  Plaintiff's proper course of action was an appeal of the SORA determination in the state court system, which may have been pursued but is not apparent on the record in this case.  In any event, this court has no jurisdiction over plaintiff's claim related to the state court decision after the SORA hearing.

## 3.  Absolute Judicial Immunity

To the extent that plaintiff seeks money damages for the actions of defendant during the course of his SORA hearing, those claims are barred by the doctrine of

absolute judicial immunity.  It is well settled that judges are absolutely immune from suit

for any actions taken within the scope of their judicial responsibilities.  *See generally,*

*Mireles v. Waco*, 502 U.S. 9 (1991).  "[I]t is a general principle of the highest importance

to the proper administration of justice that a judicial officer, in exercising the authority

vested in him, shall be free to act upon his own convictions, without apprehension of

personal consequences to himself."  *Id.* at 10 (quoting *Bradley v. Fisher*, 80 U.S. 335,

347 (1871)).  This immunity holds fast, even against allegations that a judge acted in

bad faith or with malice.  *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

In determining whether an act is "judicial," thereby warranting absolute judicial

immunity, courts are instructed to take a "functional approach."  *Bliven v. Hunt,* 579 F.3d

204, 209 (2d Cir. 2009).  Considering the nature of the act itself and the expectations of

the parties, the court must decide whether the conduct is a function "normally performed

by a judge" and whether the parties dealt with the judge in her judicial capacity.  *Stump

v. Sparkman*, 435 U.S. 349, 362 (1978).  In employing this functional analysis, courts

have generally concluded that acts arising out of, or related to, individual cases before

the judge are considered judicial in nature.  *See Bliven,* 579 F.3d at 210.

Plaintiff alleges that Judge Farkas relied on false information in adjudicating him

to be a Level 3 offender and that she conducted the SORA hearing without the benefit

of an unspecified accommodation for his hearing impairment.  According to the plaintiff,

Judge Farkas amplified the courtroom proceedings and instructed him to interrupt her if

he failed to understand anything that was said.  Plaintiff's allegations relate solely to the

involvement of Judge Farkas in the SORA hearing and fall within the course of her

judicial function.  Accordingly, plaintiff's claim for money damages pursuant to the ADA

and Section 504 is barred by the doctrine of absolute judicial immunity. [1]

## CONCLUSION

Based on a liberal reading of the complaint, there is no indication that a valid claim can be stated and the court has determined that leave to amend the complaint would be futile.  Accordingly, the defendant's motion to dismiss (Item 5) is granted and the complaint is dismissed.  The Clerk is directed to enter judgment for defendant.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

So Ordered.

_____\s\ John T. Curtin_____
HON. JOHN T. CURTIN.
United States District Judge

Dated:   12/19/2012
p:\pending\2011\11-292.nov1412

---

[1]   As plaintiff's claims must be dismissed pursuant to the *Rooker-Feldman* doctrine and the doctrine of absolute judicial immunity, the court need not address the defendant's remaining arguments regarding sovereign immunity and individual liability under the ADA and Section 504.