UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL MYERS,

                       Plaintiff,

      -vs-                                      11-CV-292(JTC)

HON. SARA SPERAZZA,

                       Defendant.

---

APPEARANCES:        MICHAEL MYERS, Plaintiff *Pro Se.*

                            HON. ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL OF THE STATE OF NEW YORK, (KIM S. MURPHY, ASSISTANT ATTORNEY GENERAL, OF COUNSEL), Buffalo, New York, Attorneys for Defendant.

## INTRODUCTION

Plaintiff brought this action pursuant to Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131, *et seq.* ("ADA") and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").  He seeks compensatory and punitive damages for the alleged denial of accommodations for a hearing impairment during his Sex Offender Registration Act ("SORA") hearing.  He also seeks a new SORA hearing.  Currently pending before the court is the defendant's motion to dismiss (Item 5).

## BACKGROUND and FACTS

Plaintiff commenced this action on April 4, 2011 with the filing of a *pro se* complaint (Item 1).  Specifically, plaintiff alleges that in 1996 he was sentenced on state

criminal charges of sexual abuse to a term of 7 1/3 to 21 years in prison (Item 1, ¶ 1). In 2010, he was granted parole and was scheduled to appear at a SORA hearing in Niagara County Court. *Id.,* ¶¶ 5-6. Plaintiff alleges that, while in prison, he learned that he was hearing impaired. *Id.,* ¶ 2. Prior to his SORA hearing, plaintiff informed his public defender that he would require certain accommodations such as "text display." *Id.,* ¶ 7. The defendant, Judge Sara Farkas, f/k/a Sara Sperazza, postponed the hearing and directed the Department of Correctional Services to provide a "TTY" telephone. *Id.,* ¶ 10. On June 30, 2010, plaintiff appeared for the hearing but was not provided a TTY telephone. *Id.,* ¶ 18. Judge Farkas conducted the hearing with the sound amplified and directed plaintiff to stop her if he did not understand anything. *Id.,* ¶ 19. Plaintiff alleges that he "had a lot of trouble understanding" what was said at the hearing and had to intervene several times. *Id.,* ¶¶ 22-23. Plaintiff further alleges that Judge Farkas "used a lot of false information" and determined that he was a Level 3 offender. *Id.,* ¶¶ 24-25.

On March 28, 2012, plaintiff was granted permission to proceed *in forma pauperis* (Item 3). In lieu of an answer, on June 12, 2012, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds of lack of subject matter jurisdiction, sovereign immunity, absolute judicial immunity, and failure to state a claim (Item 5). On July 20, 2012, the parties consented to the referral of this matter to United States Magistrate Judge H. Kenneth Schroeder, Jr. pursuant to 28 U.S.C. § 636 (c) for all further proceedings including the entry of judgment (Item 7).

Plaintiff was directed to file a response to the motion to dismiss on or before August 31, 2012. To date, he has not filed a response to the motion. On November 16,

2012, the case was transferred to the docket of the undersigned (Item 10). The court has determined that oral argument is unnecessary. For the reasons that follow, the defendant's motion to dismiss is granted.

**DISCUSSION**

**1. Standard of Review**

The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are "substantively identical." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d. Cir. 2003). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a district court to dismiss a case for lack of subject matter jurisdiction if the court "lacks the statutory or constitutional power to adjudicate [the case]." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (internal quotation marks omitted). It is well established that, when opposing a Rule 12(b)(1) motion to dismiss, the plaintiff asserting subject matter jurisdiction has the burden of proving that jurisdiction exists by a preponderance of the evidence. *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002). In contrast, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In deciding both types of motions, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. *Holmes v. Grubman,* 568 F.3d 329, 335 (2d Cir. 2009). While *pro se* complaints must contain sufficient factual

3

allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009), the court should look for such allegations by reading *pro se* complaints with "special solicitude" and by interpreting them to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (per curiam) (emphasis omitted). Finally, the Second Circuit has held that "district courts generally should not dismiss a *pro se* complaint without granting the plaintiff at least one opportunity to amend." *DeBoe v. DuBois,* 2012 WL 5908447, *1 (2d Cir. November 27, 2012) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *see also Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (holding that district courts should not dismiss pro se complaints "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated"). Leave to amend is not necessary, however, when it would be futile. *See Cuoco,* 222 F.3d at 112 (finding leave to replead would be futile when the complaint, even when read liberally, did not "suggest[ ] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

2. **Jurisdiction**

Defendant argues that plaintiff's case must be dismissed for lack of subject matter jurisdiction. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Phillips ex rel. Green v. City of New York,* 453 F.Supp.2d 690, 712 (S.D.N.Y.2006) (internal quotation marks omitted); *see generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414–15 (1923); *D.C. Ct. of App. v. Feldman,* 460 U.S. 462 (1983). The

*Rooker–Feldman* doctrine applies if: (1) the federal court plaintiff lost in state court; (2) the plaintiff's alleged injuries are caused by the state court judgment; (3) the plaintiff's claims invite the district court to review and reject that state court judgment; and (4) the state court judgment was rendered prior to the commencement of the district court proceedings. *Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77, 85 (2d Cir. 2005).

In this case, the plaintiff seeks a reversal of Judge Farkas' decision after his SORA hearing, in addition to money damages for the alleged denial of accommodations at the hearing. He was the loser in the state court proceeding that was commenced prior to the filing of this action. Plaintiff's "injury," the determination that he is a Level 3 offender, was the result of the state court proceeding, and he seeks vacatur of that determination by this court. To the extent that plaintiff seeks review of a state court determination, the *Rooker-Feldman* doctrine bars this claim in federal court. *See Montesano v. New York,* 2006 WL 944285, at *3 (S.D.N.Y. April 12, 2006) (observing that a "plaintiff cannot circumvent the appropriate state appellate process by bringing a declaratory action, couched in terms of a civil rights violation, seeking federal review and vacatur of adverse state-court decisions"). Plaintiff's proper course of action was an appeal of the SORA determination in the state court system, which may have been pursued but is not apparent on the record in this case. In any event, this court has no jurisdiction over plaintiff's claim related to the state court decision after the SORA hearing.

### 3. Absolute Judicial Immunity

To the extent that plaintiff seeks money damages for the actions of defendant during the course of his SORA hearing, those claims are barred by the doctrine of

5

absolute judicial immunity. It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See generally, Mireles v. Waco*, 502 U.S. 9 (1991). "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* at 10 (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). This immunity holds fast, even against allegations that a judge acted in bad faith or with malice. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

In determining whether an act is "judicial," thereby warranting absolute judicial immunity, courts are instructed to take a "functional approach." *Bliven v. Hunt,* 579 F.3d 204, 209 (2d Cir. 2009). Considering the nature of the act itself and the expectations of the parties, the court must decide whether the conduct is a function "normally performed by a judge" and whether the parties dealt with the judge in her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). In employing this functional analysis, courts have generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature. *See Bliven,* 579 F.3d at 210.

Plaintiff alleges that Judge Farkas relied on false information in adjudicating him to be a Level 3 offender and that she conducted the SORA hearing without the benefit of an unspecified accommodation for his hearing impairment. According to the plaintiff, Judge Farkas amplified the courtroom proceedings and instructed him to interrupt her if he failed to understand anything that was said. Plaintiff's allegations relate solely to the involvement of Judge Farkas in the SORA hearing and fall within the course of her judicial function. Accordingly, plaintiff's claim for money damages pursuant to the ADA

and Section 504 is barred by the doctrine of absolute judicial immunity.[1]

**CONCLUSION**

Based on a liberal reading of the complaint, there is no indication that a valid claim can be stated and the court has determined that leave to amend the complaint would be futile. Accordingly, the defendant's motion to dismiss (Item 5) is granted and the complaint is dismissed. The Clerk is directed to enter judgment for defendant.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

So Ordered.

_____\s\ John T. Curtin_____
HON. JOHN T. CURTIN.
United States District Judge

Dated: 12/19/2012
p:\pending\2011\11-292.nov1412

---

[1] As plaintiff's claims must be dismissed pursuant to the *Rooker-Feldman* doctrine and the doctrine of absolute judicial immunity, the court need not address the defendant's remaining arguments regarding sovereign immunity and individual liability under the ADA and Section 504.